UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
VERSATILE HOUSEWARES & GARDENING
SYSTEMS, INC.,

                    Plaintiff,

        -against-

THILL LOGISTICS, INC., SAS GROUP, INC.,
NAT, LLC, and JORDAN DREW
CORPORATION,

                    Defendants.
```

```
SAS GROUP, INC. and JORDAN DREW
CORPORATION,

                    Counterclaim and
                    Third-Party
                    Plaintiffs,

        -against-

VERSATILE HOUSEWARES & GARDENING
SYSTEMS, INC. and THOMAS MOTOSKO,

                    Counterclaim and
                    Third-Party
                    Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/15

09-Cv-10182 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Versatile Housewares & Gardening Systems, Inc. has moved pursuant to Local Rule 6.3 for reconsideration of this Court's order denying in part and granting in part the parties' motions for summary judgment, entered on September 28, 2015, (Dkt. No. 297). Plaintiff's Motion to Reconsider is denied as untimely. Local Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Accordingly, any motion for reconsideration was due on or before October 12, 2015 regardless

of the date on which Versatile ordered or received a transcript of the oral decision. Plaintiff, however, did not file its motion until November 6, 2015, over three weeks after the deadline. (Dkt. No. 301.)

Even if Versatile's motion were timely, in order to prevail on a motion for reconsideration "a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (internal quotations omitted); *see Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (internal quotations omitted). Local Rule 6.3 must "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

Versatile has not brought to the Court's attention any previously presented facts or law that the Court overlooked in reaching its decision. Plaintiff makes the entirely new argument that the mark AWESOME AUGER presumptively must be considered suggestive pursuant to Second Circuit law on self-laudatory marks. (Dkt. No. 301 at 2.) Setting aside that plaintiff did not raise this argument in its briefing on the parties' underlying motions for summary judgment, this contention nonetheless fails. Within the context of Versatile's use, the mark AWESOME AUGER is plainly descriptive of plaintiff's product. *See Murphy v. Provident Mutual Life Ins. Co.*, 923 F.2d 923, 927 (2d Cir. 1990); *Supreme Wine Co. v. Am. Distilling Co.*, 310 F.2d 888, 889-890 (2d Cir. 1962); *Real News Project, Inc. v. Indep. World Television, Inc.*, No. 06-cv-4322, 88 U.S.P.Q.2d 1299, 2008 WL 2229830, at *6-7, *10-12 (S.D.N.Y. May 27, 2008); *see*

also *Malaco Leaf, AB v. Promotion in Motion, Inc.*, 287 F. Supp. 2d 355, 371 (S.D.N.Y. 2003); *cf. Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 532-33 (S.D.N.Y. 2012).

Last, Versatile's contention that it did not have notice of the grounds on which summary judgment was entered against it because the protectability of Versatile's AWESOME AUGER mark was not at issue in the summary judgment briefing is simply incorrect since NAT and Thill raised that point directly. (*See* Dkt. No. 207 at 10-13.)

Accordingly, Versatile's Motion to Reconsider is DENIED. The Court reiterates that the dates set forth in the Order dated September 28, 2015, (Dkt. No. 297), remain in effect as follows:

1. The joint pretrial order, proposed jury charges, and, if the parties wish, motions *in limine*, proposed *voir dire* and trial memoranda of law are due by February 1, 2016;

2. The responses to any motions *in limine* are due by February 8, 2016; and

3. The trial of this action will commence on February 22, 2016, at 9:30 a.m.

Dated: New York, New York
November 30, 2015

SO ORDERED:

~~Sidney H. Stein,~~ U.S.D.J. *for Judge Stein*
P. Kevin Castel,